IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

BILLY BROWN                                                                     PLAINTIFF

v.                      CIVIL NO. 2:22-cv-2068-PKH-MEF

KILOLO KIJAKAZI, Acting Commissioner,
Social Security Administration                                          DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Pending now before this Court is Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act ("EAJA"). (ECF No. 24). The matter is ripe for resolution.

On October 25, 2022, Plaintiff filed a motion for attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting $11,170.00, representing a total of 32.46 attorney hours in 2022, at an hourly rate of $225.00, and 35.15 paralegal hours, at an hourly rate of $110.00. (ECF No. 24). On November 4, 2022, the Plaintiff and Defendant entered into a stipulation agreement, agreeing to a total fee award of $10,735.23, but providing no information as to the number of hours or the hourly rates for the time awarded. (ECF No. 28).

It is the opinion of the undersigned that the Plaintiff is entitled to a fee award in this case, as he is the prevailing party, the government's decision to deny benefits was not "substantially justified," and the time asserted to have been spent in the representation of the Plaintiff before the district court is reasonable. *See Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986) (burden is on the Commissioner to show substantial justification for the government's denial of benefits); 28 U.S.C. § 2412(d)(2)(A) (statutory ceiling for an EAJA fee award is $125.00 per hour); *Johnson v. Sullivan*, 919 F.2d 503, 504-505 (8th Cir. 1990) (court may determine that there has been an increase in the cost of living, and may thereby increase the attorney's rate per hour, based upon

the United States Department of Labor's Consumer Price Index ("CPI")); and, *Hensley v. Eckerhart*, 461 U.S. 424, 430 (1983) (in determining reasonableness, court looks at time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and, the amount involved). We find, however, that the hourly rates requested for both attorney and paralegal hours exceed the hourly rates approved by the Court. The current rate for attorney hours performed in 2022 is $221.00, while the rate for paralegal time is $75.00 per hour. Accordingly, we find that the Plaintiff is entitled to attorney's fees in the amount of $9,809.91 ((32.46 x $221 = $7,173.66) + (35.15 x $75 = $2,636.25)).

Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 596 (2010), the EAJA fee award should be made payable to Plaintiff. As a matter of practice, however, an EAJA fee made payable to Plaintiff may properly be mailed to Plaintiff's counsel.

The parties are reminded that, in order to prevent double recovery by counsel for the Plaintiff, the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406.

Accordingly, the Plaintiff is awarded the sum of **$9,809.91** for attorney's fees pursuant to the EAJA, 28 U.S.C. § 2412.

DATED this 16th day of November 2022.

/s/ Mark E. Ford
HON. MARK E. FORD
CHIEF UNITED STATES MAGISTRATE JUDGE